UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GRAY,

        Plaintiff,                          CIVIL ACTION NO. 05 CV 40034 FL

   v.                                      DISTRICT JUDGE PAUL V. GADOLA

JO ANNE B. BARNHART,             MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Social Security Disability case comes before the court on the parties' cross-motions motion for summary judgment.  For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

### II.  Background

Plaintiff filed an application for Social Security Disability Insurance Benefits (DIB) on February 12, 2002, claiming that he was disabled due to back, knee, shoulder, and neck pain, with a disability onset date of June 11, 2001.  (Tr. 51, 57)  Plaintiff was 46 years of age when he filed the application.  The Social Security Administration (SSA) denied the claim on August 20, 2002.  (Tr. 32-37)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 38)  The hearing was held on April 15, 2004, before ALJ Regina Sobrino.  (Tr. 324-362)

On July 16, 2004, the ALJ issued a decision denying plaintiff's claim. (Tr. 16-27) The ALJ determined that plaintiff had degenerative disc disease of the cervical and lumbar spine, degenerative joint disease of the shoulders and knees, right carpal tunnel syndrome, and depression, and that his impairments were "severe" within the meaning of 20 C.F.R. § 404.1520, but that he did not have an impairment or combination of impairments that met or equaled any impairment listed in Appendix 1, Subpart P of the Social Security Regulations. (Tr. 24-27) The ALJ further determined that plaintiff had the residual functional capacity (RFC) to perform light work, with restrictions, and that there were a significant number of light jobs in the regional and national economy that plaintiff could perform notwithstanding his impairments.[1] (Tr. 26-27) Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act. Id.

Following the ALJ's denial of his application, plaintiff filed a request for review of the ALJ's decision with the SSA's Appeals Council. (Tr. 11-13) The Appeals Council denied the request on December 18, 2004. (Tr. 5-7) The ALJ's decision thus became the final decision of the Commissioner. On February 1, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the matter comes before the court on the parties' cross-motions for summary judgment. Plaintiff raises only one argument in his

---

[1]"Light work" is defined in 20 C.F.R. § 404.1567(a) as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting of or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

-2-

motion.  He contends that the ALJ's reliance on the testimony of a vocational expert (VE) in determining that he is not disabled was erroneous because the hypothetical question the ALJ posed to the VE did not accurately describe plaintiff's functional limitations.  The Commissioner contends that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate DIB claims. 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance

and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV.  Analysis**

The ALJ rendered findings favorable to plaintiff at the first three steps of the five-step disability determination process outlined above.  The ALJ then determined that plaintiff had the following RFC:

> The claimant has the residual functional capacity to lift and carry 10 pounds frequently and 20 pounds occasionally.  He is able to stand/walk 2 hours per 8-hour work day and sit at least 6 hours per 8-hour work day.  He should have the opportunity to alternate position for a few minutes approximately every 30 minutes.  He cannot crawl, kneel, crouch, or climb ladders, ropes, or scaffolds.  He can occasionally climb stairs and rarely stoop.  The claimant cannot perform work that exposes him to hazards or vibration, or that requires the operation of foot or leg controls.  He cannot engage in forceful gripping, grasping, twisting, pinching or squeezing.  The claimant cannot perform work that requires reaching overhead.  He can frequently, but not constantly, handle, finger and feel.  He is limited to performing simple, routine work.

(Tr. 26)

At the hearing, the ALJ asked the VE whether a hypothetical person of plaintiff's age, education, and vocational background, with the RFC set forth above, was capable of performing any of plaintiff's past jobs or any other work in the regional or national economy.[2]  (Tr. 349-50)

---

[2]Plaintiff has a 12th grade education and prior work experience as an assembler, machine operator, and coordinator.  (Tr. 20)

The VE testified that such a person could not perform any of plaintiff's past jobs, but that the person could perform light work as assembler, packer, inspector, sorter, general clerk, or surveillance system monitor, and that there were a significant number of such jobs in the regional and/or national economy. (Tr. 350-53) Based on the testimony of the VE, the ALJ determined that plaintiff could not perform any of his past jobs, but that he was capable of performing a significant number of jobs in the regional or national economy and, therefore, that he was not disabled.

Plaintiff contends that the ALJ's RFC determination and the hypothetical she posed to the VE were inaccurate in that the ALJ did not fully account for plaintiff's concentration difficulties. The ALJ determined that there was "evidence of moderate impairment of functioning in the area of concentration, persistence, and pace, possibly in part due to medication side effects." (Tr. 24-25) To accommodate plaintiff's deficiency in this area, the ALJ included in the RFC determination and the hypothetical a limitation to "simple, routine" work. (Tr. 26) Plaintiff contends that such a limitation is insufficient to account for his concentration impairment.

The question before the court in this matter is whether the ALJ's disability determination is supported by substantial evidence. Brainard, supra, 889 F.2d at 681. Substantial evidence to support a finding that a claimant is not disabled "may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments.'" Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(citations omitted).

Thus, if an ALJ fails to properly account for all of a claimant's limitations in the hypothetical, as plaintiff claims the ALJ did in this case, the VE's testimony cannot constitute substantial evidence in support of the ALJ's findings.

Turning to the medical record, on July 29, 2002, Dr. Rom Kriauciunas, Ph.D., prepared a Psychiatric Review Technique form in which he indicated that plaintiff had moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 119) Dr. Kriauciunas also filled out a Mental Residual Functional Capacity Assessment (MRFCA) report in which he indicated that plaintiff was moderately limited in the ability to carry out detailed instructions, the ability to maintain attention and concentration for extended periods, and the ability to respond appropriately to changes in the work setting, and that he was otherwise not significantly limited in any of the other functional areas listed in the form. (Tr. 123-26) In the narrative portion of the MRFCA report, Dr. Kriauciunas stated the following:

> Claimant is able to do unskilled work. Is able to do simple tasks on a sustained basis. Claimant is moderately limited in ability to remember, carry out detailed instructions, to maintain attention and concentration for extended periods. Also, is moderately limited in ability to respond to changes at work.

(Tr. 125)

The only other evidence in the record relevant to plaintiff's concentration impairment is a medical report prepared by Dr. Leonard Balunas, Ph.D., who examined plaintiff on June 29, 2002, at the request of the State of Michigan Disability Determination Service. Dr. Balunas stated in his report, among other things, "[o]n mental status examination, he exhibits moderate difficulties with immediate memory. Recent and remote memory are intact. On serial sevens, he

exhibits mild difficulties with attention and concentration." (Tr. 240) Dr. Balunas assigned plaintiff a Global Assessment of Functioning (GAF) score of 50, indicating serious symptoms or any serious impairment in social, occupational, or school functioning.

The court concludes, based on the limited record before it, that the hypothetical included sufficient accommodation for plaintiff's moderate limitations in the area of concentration, persistence, and pace. As noted above, Dr. Kriauciunas determined that while plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, he was nonetheless capable of doing simple, unskilled work on a sustained basis. The ALJ, having little else to go on, incorporated this limitation into her RFC determination and the hypothetical she posed to the VE. There is no evidence in the record that contradicts Dr. Kriauciunas' findings, and there is otherwise nothing in the record to suggest that plaintiff is incapable of performing simple, unskilled tasks or that greater limitations were necessary to accommodate his concentration deficiencies. Dr. Balunas, the only other physician to render an opinion regarding plaintiff's concentration problems, did not render an opinion regarding the extent to which those problems would impact upon plaintiff's ability to work. Thus, it cannot be said that Dr. Balunas's findings are contrary to Dr. Kriauciunas' findings, and, to the extent any conflict such exists, its resolution lies within the province of the ALJ, not this court.

Plaintiff has cited no other shortcomings in the hypothetical posed by the ALJ, and none are apparent in the record. Accordingly, the court finds that the ALJ reasonably accommodated all of plaintiff's physical and mental impairments in the hypothetical and, therefore, that the

VE's testimony in response thereto constitutes substantial evidence in support of the ALJ's determination that plaintiff is not disabled.  Varley, supra, 820 F.2d at 779.

### V.  Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's cross-motion for summary judgment be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

```
                                          s/Virginia M. Morgan
                                         VIRGINIA M. MORGAN
Dated:   September 9, 2005               UNITED STATES MAGISTRATE JUDGE
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GRAY,

       Plaintiff,                    CIVIL ACTION NO. 05 CV 40034 FL

  v.                                  DISTRICT JUDGE PAUL V. GADOLA

JO ANNE B. BARNHART,          MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record and the social security administration by electronic means or U.S. Mail on September 9, 2005.

                s/Jennifer Hernandez
                Case Manager to
                Magistrate Judge Morgan